Reza **LESANE,** Plaintiff—Appellant,

v.

**ALOHA AIRLINES, INC.; Mike Conroy; John Brom, Defendants—Appellees.**

No. 04–16793.

United States Court of Appeals, Ninth Circuit.

---

5. Appellants Espanola Sanders and Ramona L. McCane–Robinson are only parties to one of the state law claims.

Submitted Dec. 7, 2006 *.

Filed March 20, 2007.

* This case, originally scheduled for oral argument, was submitted without oral argument when counsel for appellant failed to appear at the calendared time and place.

Andre S. Wooten, Esq., Honolulu, HI, for Plaintiff–Appellant.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Roman F. Amaguin, Esq., Torkildson Katz Fonseca Jaffe Moore & Hetherington, Richard Rand, Esq., Honolulu, HI, for Defendants–Appellees.

Before: HAWKINS, TASHIMA, and THOMAS, Circuit Judges.

## MEMORANDUM **

Reza Lesane, a 59 year-old African–American man, appeals the grant of summary judgment on his race and age discrimination, wrongful discharge, and breach of contract claims in favor of his former employer, Aloha Airlines ("Aloha"), and one of its managers.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review a district court's decision on summary judgment de novo. *See Qwest Commc'ns Inc. v. City of Berkeley*, 433 F.3d 1253, 1256 (9th Cir.2006). We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *See* Fed.R.Civ.P. 56(c); *Guebara v. Allstate Ins. Co.*, 237 F.3d 987, 992 (9th Cir.2001). A fact issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

1. Because the parties are familiar with the factual and procedural background, we do not recite it here, except as necessary to aid in understanding this disposition.

## 1. Hostile Work Environment

■ With respect to Lesane's hostile work environment claim based on the "whooping noises," the claim must fail because Lesane offered no evidence connecting the allegedly hostile noises to his race. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 116, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002). Instead, as Lesane himself explained in his deposition, the whooping noises represented an effort by the mechanics to warn each other of Lesane's presence because he was perceived as an overly strict supervisor. Moreover, according to Lesane, the noises lasted only one week.

■ With respect to the bathroom-wall graffiti claim, Lesane's vague statement that on one occasion the graffiti was "racist" is insufficient to create a genuine issue of material fact with respect to racial harassment. *Cf. Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 271, 121 S.Ct. 1508, 149 L.Ed.2d 509 (2001). With respect to Lesane's claim that the graffiti constituted sexual harassment, Lesane presented no evidence from which a reasonable jury could infer that any of the graffiti was written because of Lesane's sex. *Pa. State Police v. Suders*, 542 U.S. 129, 146–47, 124 S.Ct. 2342, 159 L.Ed.2d 204 (2004). Summary judgment was proper on these claims.

## 2. Race Discrimination / Disparate Treatment

Lesane next challenges the grant of summary judgment on his claim of race discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e–17, and 42 U.S.C. § 1981. Lesane claims that Aloha discriminated against him on the basis of his race by refusing to transfer him to other positions in the company, by firing him, and by refusing to hire or even to interview him for positions subsequent to his termination.

■ Even assuming that Lesane raised a presumption of discrimination based on Aloha's failure to transfer him in November, *see Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 252–53, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981), Aloha offered evidence of a legitimate, nondiscriminatory reason for its decision—that Gary Fong, the candidate ultimately hired, was more qualified than Lesane. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Specifically, Fong had 10 years' experience with contract service maintenance.

Lesane appears to contend that Aloha's reason was pretextual, *see Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1028–29 (9th Cir.2006), because Fong lacked "FAR 145" experience, which Lesane had. However, Lesane offers no evidence that his contract service maintenance experience was, in reality, greater than Fong's. Moreover, a review of the relevant job interview notes indicates that the Aloha interviewer did not believe either man had any notable level of experience with FAR 145 component repair. Finally, although "FAR 145 component repair" experience is mentioned in the position vacancy notice, Lesane offers no evidence that this requirement was ever held out by Aloha to be the overriding required qualification. We thus conclude that Lesane did not offer sufficient evidence from which a reasonable jury could conclude that Aloha discriminated against Lesane on the basis of race in this incident.

■ We also hold that Lesane has failed to establish a prima facie case of discrimination with respect to Aloha's April 2003 failure to transfer Lesane to the position of Line Maintenance Supervisor. Specifically, he offered no evidence that after his application was rejected, the position re-

mained open and Aloha continued to seek applications from persons with comparable qualifications. *See McDonnell Douglas Corp.*, 411 U.S. at 802, 93 S.Ct. 1817. Lesane established only that the position was ultimately filled by a white candidate. Lesane did not show that the position was open at the time he submitted his application, nor did he offer any evidence of the qualifications of other applicants for the position.

■ Lesane also failed to establish a prima facie case of disparate treatment with respect to his termination in July 2003 because he offered no evidence that he performed his position satisfactorily. *See Cornwell*, 439 F.3d at 1028. Finally, Lesane failed to establish a prima facie case of race discrimination with respect to Aloha's failure to hire Lesane for: (1) Line Maintenance Supervisor in Kahului, Maui, for which he applied in January 2004; (2) Maintenance Control Supervisor, for which he applied in March 2004; and (3) Line Maintenance Manager, for which he applied on an unspecified date. Again, Lesane offered no evidence that Aloha, after rejecting Lesane, sought applications for these positions from persons with comparable qualifications. *See McDonnell Douglas Corp.*, 411 U.S. at 802, 93 S.Ct. 1817.

### 3. Retaliation

■ Lesane contends that Aloha retaliated against him for speaking out regarding the graffiti and the whooping noises and for subsequently filing the employment discrimination claim by terminating him and by continually rejecting his applications for other positions at Aloha. We affirm the grant of summary judgment with respect to all of the alleged instances of retaliation. With respect to the whooping noises, Lesane's complaint to his supervisors did not allege any sort of discrimination; thus, it did not constitute a "protected activity." *See Ray v. Henderson*, 217 F.3d 1234, 1240 (9th Cir. 2000).

■ Lesane's various claims of retaliation based on his complaints about the graffiti also lack merit. First, Aloha offered legitimate, non-discriminatory reasons for its November 2002 action of selecting another candidate over Lesane, which Lesane did not rebut. *See Manatt v. Bank of America*, 339 F.3d 792, 800 (9th Cir.2003).

Second, Aloha's failure to transfer Lesane to the Line Maintenance Supervisor position occurred in April 2003, nearly five months after Lesane lodged his complaint with his supervisor. A reasonable jury could not conclude from this evidence alone that Aloha intended to punish Lesane's complaint about the graffiti by preventing his transfer to a separate position after such a protracted period of time.

Third, Aloha offered a legitimate, non-discriminatory reason for its April 2003 decision to eliminate Lesane's position as well as for his actual termination in July 2003. Aloha explained the decision as a necessary concession to the union, and Lesane did not rebut this explanation.

■ The filing of a Charge of Discrimination with the Equal Employment Opportunity Commission alleging racial discrimination may form the basis of a retaliation claim under § 1981. *See id.* Lesane, however, has failed to establish a prima facie case of race-based retaliation by Aloha in response to his filing the Charge of Discrimination. At least six months elapsed between Lesane's filing of the Charge in August 2003 and Aloha's rejection of his various applications. Without more, the incidents are not sufficiently proximate in time to raise an inference of discrimination.

**4. Breach of Contract / Wrongful Discharge Claims**

*a. Implied–in–Fact Contract*

In October 2002, the president of Aloha announced that employees would be subject to a 10 percent pay cut in an effort to avoid layoffs. Lesane argues that this created an oral contract not to lay him off. Hawaii recognizes an exception to the at-will employment doctrine in cases where a contract may be implied. *See, e.g., Calleon v. Miyagi*, 76 Hawai'i 310, 876 P.2d 1278, 1285 (1994).

 Here, however, Lesane did not offer evidence sufficient to create a genuine issue as to whether the president's statements altered Lesane's at-will status. Even if the pay cut was instituted in order to secure a federal loan for the airline, Lesane offered no evidence that such a loan was ever executed such that the described obligation to avoid layoffs was ever triggered. Moreover, Lesane has not adduced any evidence that Aloha intended the announcement to constitute a contract with specific terms, such as how long Aloha would avoid layoffs. *Cf. White v. Pac. Media Group, Inc.*, 322 F.Supp.2d 1101, 1108 (D.Haw.2004). Thus, we reject Lesane's claim of breach of an implied-in-fact contract.

*b. Parnar Wrongful Discharge Claim*

 Lesane contends that "an employer may be held liable in tort where his discharge of an employee violates a clear mandate of public policy." *See Parnar v. Americana Hotels, Inc.*, 65 Haw. 370, 652 P.2d 625, 631 (1982). Such a cause of action is not available here because various federal and state statutory provisions already provide a remedy for the alleged wrongful discharge. *See* 42 U.S.C. § 1981; 42 U.S.C. §§ 2000e–2000e–17; Haw.Rev. Stat. §§ 378–2, 378–5; *Ross v. Stouffer Hotel Co. (Hawaii) Ltd.*, 76 Hawai'i 454, 879 P.2d 1037, 1047 (1994).

*c. ERISA Preemption of Aloha's Failure to Pay Benefits*

Lesane introduced evidence that Aloha provides terminated employees with a furlough-benefits plan that includes not only two-weeks' severance pay, but also extended health care benefits for 60 days. He contends that Aloha failed to provide him with the promised benefits and that those delinquencies constitute the breach of a contract. Despite Aloha's motion to dismiss based on ERISA preemption, Lesane never sought leave to amend his complaint to plead a viable ERISA claim. The district court concluded that these claims were preempted by ERISA and dismissed the claims for lack of subject matter jurisdiction.

Congress intended for ERISA to "supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a); 29 U.S.C. § 1002(1)(A) (defining "employee benefit plan"). We hold that Aloha's furlough program constitutes a "plan" for purposes of ERISA. In determining whether a particular benefits program or policy, such as a severance benefit, is a qualifying plan, we ask whether the benefit package implicates an ongoing administrative scheme. *See Fort Halifax Packing Co. v. Coyne*, 482 U.S. 1, 12, 107 S.Ct. 2211, 96 L.Ed.2d 1 (1987); *Orozco v. United Air Lines, Inc.*, 887 F.2d 949, 951–52 (9th Cir.1989).

 Aloha has ongoing administrative obligations under its furlough program beyond making the initial payouts. Aloha must track the employee's furlough date for 60 days so as to discontinue the employee's health care eligibility. Moreover, Aloha must track the employee's status after the benefit was issued; if the em-

ployee eventually returns to Aloha, he or she is entitled only to a reduced furlough benefit in the future. The severance plan thus required ongoing administration sufficient to bring the plan under ERISA's purview. We hold that the district court properly dismissed Lesane's claim as preempted by ERISA.

### 5. Other Claims

The dismissal of John Brom as a defendant to the Title VII claims was proper because individual employees, including supervisors and managers, are not personally liable as "employers" under Title VII. *See Pink v. Modoc Indian Health Project, Inc.,* 157 F.3d 1185, 1189 (9th Cir. 1998). We deem Lesane's arguments regarding his age discrimination claim and his claim under 42 U.S.C. § 1982 to be waived because Lesane failed to develop either argument in his brief. *See* Fed. R.App. P. 28(a)(9)(A); *Kohler v. Inter-Tel Techs.,* 244 F.3d 1167, 1182 (9th Cir.2001). We decline to review Lesane's claim that Aloha violated Hawaii Revised Statutes §§ 368 and 378 because Lesane made no claim below based on either of these statutes and because the district court thereupon made no appealable ruling. *See United States v. Carlson,* 900 F.2d 1346, 1349 (9th Cir.1990).[2]

The judgment of the district court is

**AFFIRMED.**

---

2. Lesane's request for attorney's fees is also denied. Lesane did not prevail on his claims. *See* 42 U.S.C. §§ 1988, 2000e–5(k); *Hensley v.*

*Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).